UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ODW GLOBAL INC., a California Corporation; <br> MOVERSE GROUP INC., a California Corporation; <br> KINGSWAY GROUP EXPRESS INC., a Florida Corporation; <br> TOP PEARL IMPORTS INC., a California Corporation; <br> SHENZHEN LDSTAR TECHNOLOGY CO., LTD., a Chinese Corporation; <br> COBRA DISTRIBUTION INC., a California Corporation; <br> GENESIS TRANSNATIONAL CORP., a California Corporation, <br><br> *Plaintiff*, <br><br> v. <br><br> GLOBAL CFS, INC., <br> an Illinois Corporation, <br> , <br> *Defendant*. | CASE NO. <br><br> Judge: <br><br> Magistrate Judge: |

**COMPLAINT**

Plaintiffs Odw Global Inc., Moverse Group Inc., Kingsway Group Express Inc., Top Pearl Imports Inc., Shenzhen Ldstar Technology Co., Ltd., Cobra Distribution Inc., and Genesis Transnational Corp. (collectively, "Plaintiffs"), by and through their attorneys, bring this Complaint against GLOBAL CFS, INC. ("Defendant" or "Global CFS") and allege as follows:

**I. INTRODUCTION**

1. This action arises from Defendant's wrongful refusal to release cargo, improper billing practices, economic interference, and conversion of goods, resulting in significant

financial losses to Plaintiffs, including lost goods, seasonal product depreciation, battery degradation, and supply chain disruption for e-commerce operations.

2. ODW is a shipping company responsible for transporting goods, while the remaining Plaintiffs are the rightful owners (importers) of the detained cargo.

3. ODW is a shipping company, not an importer, and was wrongfully billed for shipments it did not own. Defendant is now using these wrongful invoices as a pretext to unlawfully detain shipments belonging to the other Plaintiffs, causing severe financial harm.

4. Plaintiffs seek damages exceeding $75,000 plus additional losses from:

   a. Lost goods (due to indefinite detention);

   b. Seasonal product depreciation (missed sales periods);

   c. Battery degradation (for electronic products);

   d. Supply chain disruption (impacting e-commerce and retail operations).

5. Plaintiffs also seek injunctive relief to ensure the immediate release of their unlawfully detained cargo and to prevent further wrongful billing practices by Defendant.

6. Additionally, Defendant has engaged in discriminatory business practices, requiring pre-payment of fees only when shipments are delivered by ODW, while shipments delivered by other trucking companies are not subject to this pre-payment requirement.

## II. JURISDICTION, VENUE AND PARTIES

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction), as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Plaintiffs are corporations based in different jurisdictions:

   a. ODW Global Inc. (California) – 4545 Pacific Blvd, Vernon, CA 90058;

    b. Moverse Group Inc. (California) – 829 Monterey Pass Rd, Monterey Park, CA 91754;

    c. Kingsway Group Express Inc. (Florida) – 4280 Church St, Sanford, FL 32771;

    d. Top Pearl Imports Inc. (California) – 9350 Telstar Ave, El Monte, CA 91731;

    e. Shenzhen Ldstar Technology Co., Ltd. (China) – No. 12 Yingchun Road, Shenzhen, 518000, China;

    f. Cobra Distribution Inc. (California) – 9828 Research Dr, Irvine, CA 92618;

    g. Genesis Transnational Corp. (California) – 2102 Seaman Ave, South El Monte, CA 91733;

9. Defendant GLOBAL CFS, INC. is a corporation organized under Illinois law with its principal place of business at 860 Foster Ave, Unit B, Bensenville, IL 60106.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to this claim occurred in this judicial district, and Defendant is located here.

### III. FACTUAL ALLEGATIONS

11. ODW is a shipping company that arranges for the transportation of goods to and from ports and customs facilities.

12. The remaining Plaintiffs are importers who own the cargo currently wrongfully held by Defendant.

13. In November 2024, eight shipments belonging to the Plaintiffs were selected for inspection by U.S. Customs and Border Protection (CBP) and subsequently transferred by ODW to Global CFS's CES facility in Chicago, Illinois. (GLOBAL CFS CES is one of the Central exmination Stations appointed by CBP in Illiniois.

14. Plaintiffs are more than willing to pay the full amount for the eight shipments mentioned above in 2024, (Plaintiffs have paid for one of these shipments so far. Due to GLOBAL CFS's refusal to release the goods, the remaining seven shipments remain unpaid). Despite this, Global CFS refuses to release the goods, improperly conditioning their release on the payment of unrelated fees from 3 shipments detained in 2023

15. The eight shipments on hold in 2024 ("2024 Shipment"), along with their Bill of Lading (BOL) numbers are as follows:

| BOL Number | Importer (Cargo Owner) |
|---|---|
| 180-27146486 | MOVERSE GROUP INC |
| 180-29260560 | KINGSWAY GROUP EXPRESS INC |
| 272-74309546 (Paid) | TOP PEARL IMPORTS INC. |
| 369-86039601 | SHENZHEN LDSTAR TECHNOLOGY CO., LTD. |
| 784-75151263 | COBRA DISTRIBUTION INC. |
| 784-75433993 | TOP PEARL IMPORTS INC. |
| 988-04084312 | COBRA DISTRIBUTION INC. |
| 988-49510694 | GENESIS TRANSNATIONAL CORP. |

16. These above shipments have no connection to the three abandoned shipments in 2023 that remain unpaid.

17. Nevertheless, Defendant continues to detain these goods, citing outstanding invoices related to three unrelated shipments from 2023 that were handled by ODW.

18. Defendant claims that ODW must pay storage fees for three shipments detained by CBP in 2023, even though:

    a. ODW was only the transporter, not the importer or consignee;

    b. The correct billing party should have been the importers of the 3 shipments on hold in 2023, not ODW; and

    c. The 3 shipments in 2023 have no relation to the 8 shipments in 2024 currently detained.

19. The three shipments in 2023,("2023 Shipment") which remain unpaid and are the alleged basis for Defendant's unlawful refusal to release the 8 shipments in 2024, are as follows:

| BOL Number | Importer (Cargo Owner) |
|---|---|
| 501-14673131 | ALELAVATE CARGO SERV INC |
| 016-60924161 | ALELAVATE CARGO SERV INC |
| 016-60924135 | FREIGHT EXPRESS SERVICES INC |

20. The importers responsible for the 3 shipments in 2023 are entirely different companies from the Plaintiffs in this case.

21. Defendant's refusal to release the 8 shipments in 2024 is unlawful and constitutes conversion, unjust enrichment, and tortious interference with Plaintiffs' business operations.

22. As a direct result of Defendant's wrongful detention of goods, Plaintiffs have suffered substantial financial harm, including:

  a. **Loss of goods** – Plaintiffs have already paid for the products but cannot access them or get them reexported as instructed by CBP

  b. **Seasonal product depreciation** – Delays have rendered some goods unsellable at full market value.

  c. **Battery degradation** – Electronic products with batteries deteriorate over time.

23. Defendant's conduct is unjustified, improper, and unlawful, and Plaintiffs seek immediate relief to prevent further damages.

## COUNT I
## BREACH OF CONTRACT

24. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

25. A contract existed between Plaintiffs (importers) and Global CFS, whereby Global CFS agreed to present the cargo to CBP for inspection, store and release cargo based on CBP instruction and upon payment of necessary storage and CBP-related fees.

26. Defendant breached the contract by:

   a. Refusing to release the 2024 shipments, despite Plaintiff's promise of full payment; and

   b. Unilaterally imposing conditions that Plaintiffs must pay the outstanding fees from unrelated 2023 shipments before receiving their own cargo.

27. Defendant's failure to release the goods constitutes a material breach, causing direct damages to Plaintiffs, including:

   a. Financial losses from undelivered goods;

   b. Seasonal product devaluation due to delays; and

   c. Supply chain disruptions for e-commerce businesses.

28. Plaintiffs seek damages to compensate for these losses and an order requiring Defendant to release the shipments immediately.

## COUNT II
## UNJUST ENRICHMENT

29. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

30. Defendant received full payment from Plaintiffs for the 2024 shipments, yet retains control over the cargo and refuses to release it.

31. Defendant demands additional payments for unrelated 2023 shipments, seeking to extract funds to which it is not entitled from Plaintiffs who are not responsible for those debts.

32. Defendant's conduct is inequitable and unjust because:.

   a. Plaintiffs have already paid their obligations in full;

   b. Defendant uses improper leverage to coerce payment for debts owed by other entities; and

    c. Plaintiffs suffer financial losses while Defendant benefits from holding the goods without justification.

33. Defendant must be ordered to release the goods and compensate Plaintiffs for losses incurred due to these wrongful actions.

## COUNT III
## CONVERSION

34. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

35. Plaintiffs own the 2024 shipments and have a right to immediate possessions or get them reexported as instructed by CBP.

36. Plaintiffs have made repeated demands to Defendant for the release of their goods.

37. Defendant wrongfully refuses to release the shipments, instead claiming Plaintiffs must pay debts owed by other companies for the 2023 shipments.

38. Defendant's refusal to release the goods is an unlawful exercise of control over Plaintiffs' property and constitutes conversion.

39. Plaintiffs have suffered:

    a. Lost business revenue due to non-receipt of goods;

    b. Financial harm from unsellable, seasonal products due their expriation time limit if they cannot be reexported right away ; and

40. Plaintiffs seek monetary damages for losses incurred and an injunction ordering the immediate release of the shipments.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF (28 U.S.C. § 2201)

41. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

42. A real and immediate controversy exists because Defendant refuses to release

shipments despite full payment, claiming Plaintiffs must cover unrelated debts from different companies in 2023.

43. Plaintiffs seek a judicial declaration that:

a. Plaintiffs have fully paid for their 2024 shipments and are entitled to immediate release of their goods; or once Plaintiffs pay related fees in full, they are entilted to immediate release of their goods;

b. Defendant's demand for payment of unrelated 2023 debts is unlawful; and

c. Defendant must cease wrongful billing practices and release Plaintiffs' cargo immediately.

44. Plaintiffs further seek an injunction ordering Defendant to:

a. Immediately release the 2024 shipments for which payments have been made; and

b. Cease wrongful detention of goods based on unrelated claims

## COUNT V
## UNFAIR BUSINESS PRACTICES (DISCRIMINATION)

45. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

46. Defendant has engaged in a discriminatory pattern of business practices that unfairly disadvantages Plaintiff ODW GLOBAL INC. and harms competition in the bonded trucking and logistics industry.

47. Specifically, Global CFS requires pre-payment of all fees (including CBP examination and storage fees) for shipments that are delivered by ODW, while shipments delivered by other bonded trucking companies are not subject to this pre-payment requirement.

48. There is no legal or contractual basis for Global CFS to impose this pre-payment requirement only on ODW while exempting other trucking companies.

49. This practice artificially discourages customers from using ODW, as they are

forced to pre-pay fees upfront, making ODW less competitive compared to other trucking companies that do not have to comply with this requirement.

50. The discrimination against ODW is:

a. Unfair and unethical, as it is applied selectively and without justification;

b. Oppressive, as it forces ODW to either bear the financial burden of pre-paying fees or lose customers to competitors who are not subjected to the same policy;

c. Substantially injurious to competition, as it puts ODW at a systematic competitive disadvantage compared to other trucking companies.

51. Global CFS's discriminatory policy causes substantial financial harm to ODW, including but not limited to:

a. 'Lost customers, who opt for other trucking companies to avoid pre-payment requirements;

b. 'Increased financial risk, as ODW must advance payments before services are rendered, unlike its competitors;

c. 'Harm to ODW's business reputation, as customers perceive ODW as a less favorable option compared to other trucking companies;

d. 'Disruption of ODW's business operations, as pre-payment policies complicate cash flow and financial planning.

52. Defendant's conduct constitutes an unfair method of competition that violates Illinois public policy and fair trade principles, as recognized by Illinois courts and the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA).

## COUNT VI:
## REPLEVIN (IMMEDIATE RETURN OF GOODS)

53. Plaintiffs reallege and incorporate by reference all preceding paragraphs.

54. Plaintiffs are the rightful owners of the eight 2024 shipments.

55. Plaintiffs have paid for at least one shipment (BOL No. 272-74309546, Invoice No. INV71543), yet Defendant refuses to release it and has stated that even if all shipments are paid for, it will not release any of them.

56. Defendant's continued possession of these shipments is wrongful, as it:

　　a. Has no contractual or legal right to retain them;

　　b. Refuses to release goods even after full payment;

　　c. Is using Plaintiffs' property as leverage for an unrelated debt.

57. Plaintiffs have made formal demands for the return of the shipments, but Defendant has refused.

58. Plaintiffs are suffering ongoing harm, including financial losses, supply chain disruptions, and reputational damage due to delays in fulfilling e-commerce orders.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1) Compensatory damages exceeding $75,000 for lost goods, supply chain disruption, and reputational harm;

2) Punitive damages sufficient to deter Defendant's misconduct;

3) A declaratory judgment confirming Plaintiffs' rights to their fully paid goods;

4) An injunction ordering immediate release of the shipments;

5) Attorney's fees and costs as permitted by law; and

6) Any other relief deemed just and proper.

Date: February 3, 2025　　　　　　　　　　/s/ Ruoting Men

Ruoting Men, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
ruoting.men@glacier.law
212-729-5049

***Attorney for Plaintiff***